UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMY RIVERA, ADMINISTRATRIX OF THE ESTATE OF SHADIAMAN HUACON, ESSEX PROBATE COURT DOCKET #02P-1675AD1<br>    Plaintiff<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Defendant | )<br>)<br>)<br>)  Docket # _____<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

1. Plaintiff, Amy Rivera ("Amy") is an adult and a resident of Lawrence, Essex County, Massachusetts, who brings this claim pursuant to 28 USC 2675, the Federal Tort Claims Act ("FTCA"). She is the mother and duly appointed administratrix of the estate of Shadiaman Huacon, Essex Probate Court Docket #02P-1675AD1.

2. The defendant is the United States of America.

3. This court has jurisdiction over the defendant pursuant to 28 U.S.C. 1332 and 28 U.S.C. 1346, as the matter in controversy exceeds $75,000 and this is a claim for personal injury caused by the negligence or wrongful act or omission of any employee of the United States while acting within the scope of his office or employment, under circumstances where the United States, or a private person would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

3. Venue is proper in this court pursuant to 28 U.S.C. 1402.

4. Greater Lawrence Family Health Center ("GLFHC") was, at all times relevant hereto, a Federally Supported Health Center, pursuant to the Federally Supported Health Care Center

Complaint
11/19/03                                     1

Assistance Act of 1992 (Pub. L.102-501), operating today, and at all times relevant hereto, as a health center and clinic in Lawrence, Massachusetts.

5.  At all times relevant to this action, the following physicians, Carolyn Roy Bornstein, Katherine Hollett, Patrick Sabia and Blair Roberts were employees of GLFHC, who were acting in the course and scope of their employment and are thus deemed to be employees of defendant, the United States of America.

6.  For the purpose of the FTCA, all employees of GLFHC were at all times relevant hereto, federal employees. See 42 U.S.C. §233(a).

7.  Any civil action for negligence against federal employees who were in the course and scope of their employment must be brought pursuant to the provisions and requirements of the FTCA, 28 U.S.C. §1346(b) and 2671, et seq.

8.  On or about May 8, 2001, Amy gave birth to Shadiaman Huacon ("Shadiaman") while under the care of GLFHC. During her pregnancy and delivery, Amy had been seen and treated by various GLFHC employees, including Drs. Bornstein, Hollett, Sabia, and Roberts.

9.  On or about July 15, 2001, while under the care of the various GLFHC employees, Shadiaman died. On July 16, 2001, an autopsy was begun. That autopsy was completed on or about August 15, 2001. The results of the autopsy were delivered to the plaintiff on or about May 2, 2002. The cause of death has been established as meningitis.

10.  Shadiaman's death is a direct and proximate result of the failure on the part of one or more of the various GLFHC employees to render proper medical treatment to diagnose and treat the meningitis.

11.  As a direct and proximate result of the failure on the part of one or more of the

various GLFHC employees to properly treat Amy who had a history of bacterial infection with a Group B streptococcus in an earlier pregnancy during her pregnancy and the birth of Shadiaman, baby Shadiaman died.

12. As a result of the negligence of the various GLFHC employees, Amy has suffered, and will continue to suffer, the loss of the full care, comfort, companionship, society and consortium of her daughter, and has suffered, and will continue to suffer, severe emotional distress.

13. Pursuant to the FTCA, as a jurisdictional prerequisite to commencing this lawsuit, Amy was required to, and did, file an administrative claim with the Department of Health and Human Services prior to filing that civil action. On January 10, 2003, Amy caused such a claim to be filed by mailing the original of the letter attached hereto as Exhibit A to Tommy G. Thompson, Secretary of Health and Human Services. A copy of the return receipt for that letter is attached as Exhibit B.

14. More than six months have elapsed since the receipt of that letter and Amy has received no response. Thus, she may now pursue this action.

WHEREFORE, Amy demands all damages to which she is entitled against the defendant, including interest, costs and attorney fees, and such further relief as is from time to time sought in this action.

**Plaintiff claims a trial by jury.**

Plaintiff
By her attorneys,

_____
ALBERT L. FARRAH, JR., ESQ.
One Washington Mall
Boston, MA 02108
(617) 742-7766
B.B.O. #159340

_____
LOUIS J. FARRAH, II, ESQ.
170 Lawrence Street
Lawrence, MA 01841
(978) 989-0007
B.B.O. #646228

Date: ~~November~~ December 1, 2003

Complaint
11/19/03                          4