UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMY RIVERA, Administratrix of the Estate of Shadiaman Huacom,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Civil Action No.<br>03-12435-RWZ |

## ANSWER

1. The defendant admits only that Amy Rivera is an adult and is the mother of Shadiamon Huacon. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation concerning the plaintiff's residency and legal status and therefore denies the remaining allegations of this Paragraph.

2. The defendant admits the allegations contained in Paragraph 2 of the Complaint.

3. The allegations set forth in Paragraph 3 of the Complaint are Plaintiff's jurisdictional and venue allegations to which no response is required. To the extent a response may be deemed necessary, these allegations are denied.

3.(sic) The allegations set forth in this Paragraph 3 of the Complaint are Plaintiff's jurisdictional and venue allegations to which no response is required. To the extent a response may be deemed necessary, these allegations are

denied.

4. The defendant admits only that Greater Lawrence Family Health Center, Inc. was at all times relevant to this Complaint a deemed entity pursuant to the Federally Supported Health Centers Assistance Act with delivery sites in Lawrence, Massachusetts, among other locations.

5. The defendant admits only that Carolyn Roy-Bornstein, M.D., Katherine Hollett, M.D., Patrick Sabia, M.D., and Blair Roberts, M.D., were employees of Greater Lawrence Family Health Center, Inc. who were acting within the course and scope of their employment during the events giving rise to this Complaint and therefore have been deemed to be employees of the United States of America solely for purposes of the Federal Tort Claims Act.

6. In the absence of a definition of the term "all employees of GLFHC," the defendant denies this Paragraph of the Complaint.

7. The allegations set forth in Paragraph 7 of the Complaint are Plaintiff's jurisdictional and venue allegations to which no response is required. To the extent a response may be deemed necessary, these allegations are denied.

8. The defendant admits only that the plaintiff gave birth to Shadiaman Huacon on or about May 8, 2001, and that the plaintiff was seen and treated by various employees of

Greater Lawrence Family Health Center, Inc. as well as other health care providers during her pregnancy and delivery. The defendant denies any other allegations contained in this Paragraph of the Complaint.

9. The defendant admits only that Shadiaman Huacon died on or about July 15, 2001, and denies the remainder of the first sentence of this Paragraph. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second, third, fourth, and fifth sentences of Paragraph 9 of the Complaint.

10. The defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. The defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. The defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. The defendant admits only that the plaintiff filed an administrative claim with the Department of Health and Human Services on January 22, 2003. The remaining allegations of this Paragraph either state conclusions of law or describe the exhibits to the plaintiff's Complaint and therefore do not require a response.

14. With respect to the first sentence of Paragraph 14, the defendant admits only that more than six months have elapsed since the plaintiff, Amy Rivera, filed her administrative

claim and that the Department of Health and Human Services did not settle nor deny her claim prior to the filing of the plaintiff's Complaint. The second sentence of this Paragraph asserts a conclusion of law and therefore requires no response.

The United States of America avers that the remaining allegations of the Complaint set forth following the "WHEREFORE" Paragraph immediately following Paragraph 14 constitute Plaintiff's prayer for relief to which no answer is required. To the extent such allegations are deemed to constitute allegations of material fact, they are denied.

## AFFIRMATIVE DEFENSES

1. The plaintiff's Complaint fails to state a claim for which relief can be granted and therefore must be dismissed with prejudice.
2. Any injuries incurred by the plaintiffs were not proximately caused by the acts or omissions of the defendant, its agents and/or employees.
3. The plaintiff's recovery against the defendant, if any, is limited to the damages recoverable under the Federal Tort Claims Act.
4. Pursuant to 28 USC § 2402, the plaintiff is not entitled to a jury trial against the United States.
5. Pursuant to 28 USC § 2674, the plaintiff is proscribed from

recovering any amount for pre-judgment interest against the defendant.

6.  The plaintiff's alleged injuries were caused at least in part by their own failure to exercise due care.

```
                              UNITED STATES OF AMERICA,

                              By its attorneys,

                              MICHAEL J. SULLIVAN,
                              United States Attorney

                         By:  /s/ Rayford A. Farquhar
                              RAYFORD A. FARQUHAR
                              Assistant U.S. Attorney
                              1 Courthouse Way Suite 9200
                              Boston, MA 02210
                              (617) 748-3100
```

## CERTIFICATE OF SERVICE

Suffolk, ss.                          Boston, Massachusetts
                                      March 2, 2004

I, Rayford A. Farquhar, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing Answer upon plaintiff's counsel Albert L. Farrah, Jr., One Washington Mall, Boston, MA 02108, and Louis J. Farrah, II, 170 Lawrence Street, Lawrence, MA 01841, by First Class mail.

/s/ Rayford A. Farquhar
Rayford A. Farquhar
Assistant U.S. Attorney